CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

February 06, 2025

LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL THOMAS LIPSCOMB, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00250-RSB-CKM |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| KATLYNN SLONAKER, et al., | ) | By:  C. Kailani Memmer |
|     Defendants. | ) | United States Magistrate Judge |

Plaintiff Daniel Thomas Lipscomb has filed a Motion for Leave to File a Second Amended Complaint in this civil rights action, filed under 42 U.S.C. § 1983, arising out of the defendants' disclosure of plaintiff's identity as the person who filed a complaint with Social Services alleging child sexual abuse.  The court received Lipscomb's original complaint on April 15, 2024.  Eleven days later, Lipscomb filed a Motion for Leave to File Amended Complaint, which the court granted.  The Complaint was served, and the various defendants filed Motions to Dismiss on July 24, 2024; July 26, 2024; and July 29, 2024.  On August 20, 2024, Lipscomb mailed the motion for leave to file another amended complaint, which the court received on August 23, 2024.  All defendants objected to the Motion for Leave to File a Second Amended Complaint.  Upon consideration of the motion, the objections, and the proposed Second Amended Complaint, the court will deny the motion for the reasons stated below.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend his pleading "*once* as a matter of course," provided that the amended pleading is filed no more than "21 days after serving it" or 21 days after service of a responsive pleading or service of certain motions, including a Motion to Dismiss, such as the defendants filed.  FED. R. CIV. P. 15(a)(1) (emphasis added).  In all other cases, an amended pleading can be filed only with the opposing party's written consent or by leave of court.  FED. R. CIV. P. 15(a)(2).  Leave is liberally granted when

justice requires.  *Id.*  Justice does not require the court to grant leave to amend when the

amendment is futile and would unnecessarily delay the proceedings.  *Glaser v. Enzo Biochem,*

*Inc.*, 464 F.3d 474, 480 (4th Cir. 2006).  Amendment is futile if the proposed amendment fails to

state a claim, would not survive a motion to dismiss, or fails to cure the defects of the original

pleading.  *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is

apparent if the proposed amended complaint fails to state a claim . . ."); *Mitchell-Tracey v.*

*United General Title Ins. Co.*, 442 F. App'x 2, 7 (4th Cir. 2011).

Lipscomb states that justice requires that he be allowed to amend his complaint to add

new claims, remove claims, add defendants, and correct his allegations.  His proposed Second

Amended Complaint adds Samantha Helton, another City of Winchester DSS employee who

helped Katlynn Slonaker with Lipscomb's DSS complaint.  His only factual allegations

regarding Helton's involvement are that Helton and Frederick County DSS worker Helsley called

Lipscomb on February 1, 2024, requesting more details about the subjects of his two complaints,

which information he provided, and on April 17, 2024, in a Zoom meeting with Lipscomb,

Helton and defendant Dopkowski (Director of Winchester Social Services), Helton and

Dopkowski said that they turned the complaint over to law enforcement and to the Winchester

County Commonwealth's Attorney.  Proposed Am. Compl. at 4, 8, ECF No. 64-1 (SEALED).

Those facts are not new, as the very same allegations are in his first Amended Complaint.  ECF

No. 11 (SEALED) at 5, 9.  Thus, he was aware of Helton's name and the facts of her

involvement when he filed the first Amended Complaint.

The other changes to the proposed Amended Complaint are (1) dropping the claims

against the Commissioner of the state Department of Social Services, upon whom service had

not been obtained; (2) removing his equal protection claims, focusing instead on substantive due

process rights; (3) adding an allegation that Frederick County defendants Helsley and Green had a Zoom meeting with him on April 14, 2024, in which Helsley stated that she turned her report and findings over to Green, and the "complaint was then given to Winchester City Commonwealth Attorney (Hovermole)"; and (4) copies of additional correspondence from DSS offices to Lipscomb were attached, particularly letters of April 17 and April 23, 2024, reporting that neither complaint of abuse had turned up sufficient evidence for DSS to proceed.

Notwithstanding these changes, the proposed Second Amended Complaint still faces the larger problems raised in the various Motions to Dismiss, including absolute immunity, qualified immunity, lack of state action, and failure to state facts supporting the alleged claims. The proposed Amendment does not cure those deficiencies. As Lipscomb points out in his Motion for Leave to File this Second Amended Complaint, allowing him to file an amended complaint would moot the pending Motions to Dismiss. The court would have to dismiss the motions, albeit without prejudice, and the defendants would have to re-file new Motions to Dismiss raising those same issues. That would only serve to increase the expense of litigation and delay the court's ability to render its opinion on those major issues. The substantive due process claims upon which he focuses in the proposed Second Amended Complaint would not survive a motion to dismiss because there is no *constitutionally protected* due process right to privacy that would prevent disclosure of his reports of child abuse. *DM v. Louisa County Dep't of Human Servs*, 194 F. Supp. 3d 504, 509 (W.D. Va. 2016). Merely because the Virginia legislature enacted a statute to protect the information from disclosure does not raise the privacy interest to a constitutional right protected by the Due Process Clause. *Id.* at 510.

In sum, the proposed Second Amended Complaint does not add anything to the case, such that justice does not require the court to permit another amendment. Further, the amendment

would serve only to cause delay in resolution of the case, the proposed amendment being a futile

attempt to reframe the case in a way that might survive a motion to dismiss.  The Motion for

Leave to Amend will be denied, as will plaintiff's Motion to Strike defendant Helsley's

opposition to plaintiff's motion and plaintiff's Motion to Object to Winchester defendants'

response to plaintiff's Motion for Leave. The Public Defenders' Motion to Strike the Motion for

Leave to File[1] will be denied as moot.

An appropriate order will be entered this day.

ENTER:  February 6, 2025

**C. Kailani Memmer**
United States Magistrate Judge

---

[1] The public defender defendants moved to strike the Motion for Leave to Amend because they had not been served with the attachments to the motion and could not access the sealed documents on ECF.  Although the documents remain sealed, the entry has been adjusted to allow counsel to the proceedings to access them, which resolves the problem.  Further, given the court's ruling on the Motion for Leave to Amend, there is no prejudice to the defendants.